UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATHY WINKELS,

    Plaintiff,

v.

ROSS REUTERDAHL, et al.,

    Defendants.
_____/

Case No. 1:15cv108

Hon. Robert J. Jonker

**ORDER**

The genesis of this case is a home improvement project gone awry. Plaintiff Winkels hired Defendant Marshall to build a $26,000 addition to her home. Plaintiff says she paid for half the job up front, but ultimately fired Marshall because he botched the job. Marshall disagrees and says he was almost finished with the work when Plaintiff fired him without cause and refused to pay the balance owed for the work. All this would be standard grist for a state court construction contract dispute, but would not, standing alone, support federal jurisdiction. Here, however, Plaintiff filed not only state law claims for breach of contract (Count III) and for violation of the Michigan Consumer Protection Act (Count II), but also a federal Fair Debt Collection Practices Act claim (Count I) against the two lawyers Marshall hired to collect what he claims is still owed for his work. Plaintiff also asserted that Marshall himself is vicariously liable under the FDCPA for any alleged violations committed by his lawyer agents.

The FDCPA claim against the lawyers settled quickly, and the record reflects a proposed dismissal of the two lawyer defendants. In addition, because the only FDCPA claim against Marshall is a derivative one that depends entirely on the allegations against the lawyers, and on the asserted legal claim of Marshall's vicarious liability for the lawyers' alleged violations, Plaintiff herself says there is no longer a viable FDCPA claim against Marshall. This means the only claims left in the case are state law claims by Plaintiff against Marshall. Because the case has not proceeded far--indeed, the Court has yet to conduct a Rule 16 conference--this fact pattern invites a decline of supplemental jurisdiction and a without prejudice dismissal of the state law claims. Here, however, Defendant Marshall has filed a number of motions, including one for sanctions. Under these circumstances, the Court must at least engage the pending motions first.

The first defense motions involve a procedural challenge to joinder, and a jurisdictional challenge (docket ## 7, 8). Both motions proceed on the theory that the federal FDCPA claim is so separate from the underlying state law claims that there is no way for Plaintiff to join both in the same federal suit, and no basis for the Court to exercise supplemental jurisdiction if it is inclined to do so. The Court disagrees. All the claims at issue in the case arise out of the same basic dispute: namely, a home improvement project gone awry. Yes, some claims focus more on the construction work itself, and some

claims focus more on collection efforts under the construction contract. But the claims are logically, factually and legally intertwined. Whether Defendant Marshall was, in fact, a licensed builder, for example, has potential bearing on all the claims at issue and is in factual dispute. Whether the work conformed to the contract bears not only on the contract claim, but also the validity of collection efforts. In short, under the broad joinder rules of federal practice, there is no question but that all claims and parties have been properly joined. Fed. R. Civ. P. 18(a), 21(a)(2). Similarly, in this federal question case, there is no question that the Court properly has supplemental jurisdiction under 28 U.S.C. § 1367(a) over the state law claims because they form part of the same basic case or controversy. Accordingly, Marshall's challenges to joinder and subject matter jurisdiction are denied. Of course, whether the Court chooses to exercise that jurisdiction under Section 1367(c) is another matter.

On the merits, Defendant Marshall has moved to dismiss both the FDCPA and Michigan Consumer Protection Act claims for failure to state a claim (docket # 7). He has also moved for Rule 11 sanctions (docket # 17) after complying with the safe harbor requirements of the Rule (docket # 12). The Court must be careful not to apply Rule 11 in a hindsight effort that punishes a party for vigorous, albeit ultimately unsuccessful advocacy. *See Allstate Insurance Company v. Tricare Management Activity*, 662 F. Supp. 2d 883, 894-96 (W.D. Mich. 2009), *aff'd* 431 Fed.Appx. 477 (6th Cir. 2011). Not every weak theory is sanctionable. The touchstone of Rule 11 focuses on objective reasonableness. *Id*. at 894-95.

The Court does not find a basis for sanctions here. The first Rule 11 theory appears to be that Plaintiff violated Rule 11(b)(1) by filing the Complaint with an improper motive. This aspect of the Motion is not supported. Defendant Marshall cites and quotes documents he does not attach. Even considering what Defendant Marshall describes, the most that can be said about motive at this early stage of the case is that Plaintiff endeavored to file claims that included potential fee-shifting to increase settlement leverage. There is nothing per se improper in that. The other theory of the Rule 11 motion appears to be that Plaintiff violated Rule 11(b)(2)-(3) by filing claims not warranted by existing law, or lacking in evidentiary support. This aspect of the motion is not supported either. The most that may be said at this early stage of the case is that Plaintiff included two statutory claims that are weak, and that may ultimately not succeed if fully litigated. The viability of the Michigan Consumer Protection Act claim may ultimately turn on whether Defendant Marshall is, in fact, a licensed builder. That is unclear on the present record because there are two people with the same name--apparently father and son--and it is not clear which one has the license. As for the FDCPA claim, it is undoubtedly true that Defendant Marshall cannot be liable under the Act as a debt collector for his own debt. But that is not the claim Plaintiff made. Rather, Plaintiff claimed Defendant Marshall was vicariously liable for missteps by his agents, the lawyers he hired to collect on the construction contract. That may not be a strong FDCPA claim, but it is not sanctionable on this record. Defendant Marshall has not produced any controlling authority that would automatically bar such a claim under existing law or a nonfrivolous argument for extension or change in law. Accordingly, Defendant Marshal's Motion for Sanctions is denied.

At this point, all parties agree that the FDCPA--the only basis for original federal jurisdiction--has been fully resolved. The case has been settled as between Plaintiff and the lawyer Defendants. And Plaintiff herself asserts no independent FDCPA claim against Defendant Marshall. Indeed, based on the settlement of the FDCPA claim with the lawyer defendants, Plaintiff has already

offered in writing to dismiss the derivative FDCPA claim against Defendant Marshall with prejudice (docket # 18, at Page ID 128, 135-36).  Dismissal of all the FDCPA claims removes the only basis for original federal jurisdiction.  This alone does not automatically deprive this Court of supplemental jurisdiction over the remaining State law claims, but it does provide a discretionary basis for declining to exercise that jurisdiction.  28 U.S.C. § 1367(c)(3).  The Court now exercises its discretion to decline supplemental jurisdiction.  First, there are no remaining federal issues to litigate.  Second, this case has not proceeded far, and the parties can readily bring their claims and defenses in an appropriate Court of the State of Michigan.  Finally, declining to exercise supplemental jurisdiction will allow the parties to avoid further federal litigation costs, including without limitation the need to prepare for and appear at a Rule 16 Conference, and a possible hearing on the Rule 12(b)(6) motions.

Accordingly, **IT IS ORDERED**:

1. The Motion to Sever (docket # 8) is **DENIED**;

2. The Motion to Dismiss (docket # 7) is **DENIED** as to Rule 12(b)(1) subject matter jurisdiction, and dismissed as moot as to the Rule 12(b)(6) challenges;

3. The Motion for Sanctions (docket # 17) is **DENIED**; and

4. The FDCPA claims (Count I) are **DISMISSED** with prejudice based on the stipulation of the parties as to Defendants Reuterdahl and Hyatt-Werzbicki (docket # 25), and based on Plaintiff's acknowledgment of no independent FDCPA claim against Defendant Marshall; and

5. The Court declines to exercise its supplemental jurisdiction over the remaining state law claims, and dismisses all aspects of the case other than the FDCPA claims without prejudice.

**IT IS SO ORDERED**.

    /s/Robert J. Jonker
ROBERT J. JONKER
UNITED STATES DISTRICT JUDGE

Dated:  June 9, 2015